# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * * *
ERIC SCOTT BOYD and NAOMI NICOLE,  *
BOYD, on behalf of their minor child,     *    No. 13-634V
JANAE LEANN BOYD,                          *    Special Master Christian J. Moran
                                           *
              Petitioners,                 *    Filed: February 5, 2015
                                           *
v.                                         *    Stipulation; Trivalent influenza
                                           *    ("flu") vaccine; transverse myelitis.
SECRETARY OF HEALTH                        *
AND HUMAN SERVICES,                        *
                                           *
              Respondent.                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Phoenix, AZ, for Petitioners;
Jennifer L. Reynaud, United States Dep't of Justice, Washington, DC, for
Respondent.

## UNPUBLISHED DECISION[1]

On February 2, 2015, respondent filed a joint stipulation concerning the
petition for compensation filed by Eric and Naomi Boyd, on behalf of their daughter,
Janae Leann Boyd, on September 3, 2013.  In their petition, the Boyds alleged that
the Trivalent influenza ("flu") vaccine which Janae received on January 14, 2013,
which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a),
caused her to suffer transverse myelitis.  Petitioners further allege that Janae
experienced the residual effects of her injuries for more than six months.  Petitioners
represent that there has been no prior award or settlement of a civil action for
damages as a result of Janae's condition.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17,
2002), requires that the Court post this decision on its website.  Pursuant to Vaccine Rule 18(b), the
parties have 14 days to file a motion proposing redaction of medical information or other
information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master
will appear in the document posted on the website.

Respondent denies that the influenza vaccine caused Janae's alleged injuries, any other injury or her current condition.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A lump sum of $250,000.00 in the form of a check payable to petitioners, as the Guardians/Conservators of the estate of Janae Leann Boyd, for the benefit of Janae Leann Boyd. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-634V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ERIC SCOTT BOYD and NAOMI NICOLE BOYD, on behalf of their minor child, **JANAE LEANN BOYD**,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 13-634V<br>Special Master Moran<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Eric Scott Boyd and Naomi Nicole Boyd ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of their minor child, Janae Leann Boyd. The petition seeks compensation for Janae's injuries allegedly related to receipt of the trivalent influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.  Janae received the trivalent influenza immunization on January 14, 2013.

3.  The vaccine was administered within the United States.

4.  Petitioners allege that Janae suffered transverse myelitis that was caused-in-fact by her influenza vaccine. Petitioners further allege that Janae experienced the residual effects of her injuries for more than six months.

1

5.   Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of Janae's condition.

6.   Respondent denies that the influenza vaccine caused Janae's alleged injuries, any other injury or her current condition.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $250,000.00 in the form of a check payable to petitioners, as the Guardians/Conservators of the estate of Janae Leann Boyd, for the benefit of Janae Leann Boyd.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceedings upon this petition.

10.   Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health

benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees, litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation, will be used solely for the benefit of Janae Leann Boyd, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of Janae Leann Boyd's estate under the laws of the State of Colorado. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of Janae's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of Janae Leann Boyd at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of Janae Leann Boyd upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity, and as legal representatives of Janae Leann Boyd, on behalf of themselves, Janae, and her heirs, executors, administrators, successors or assigns, do forever irrevocably and

3

unconditionally release, acquit and discharge the United States and the Secretary of Health and

Human Services from any and all actions or causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have

been brought, could have been brought, or could be timely brought in the Court of Federal Claims,

under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on

account of, or in any way growing out of, any and all known or unknown, suspected or

unsuspected personal injuries to or death of Janae resulting from, or alleged to have resulted from

an influenza vaccination administered on or about January 14, 2013, as alleged by petitioners in a

petition for vaccine compensation filed on or about September 3, 2013, in the United States Court

of Federal Claims as petition No. 13-634V.

15. If Janae should die prior to entry of judgment, this agreement shall be voidable upon

proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of

this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this

Stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.   This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused Janae's transverse myelitis or any other injury or her current condition.

19.   All rights and obligations of petitioner hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns, as legal representatives of Janae Leann Boyd.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Case 1:13-vv-00634-UNJ   Document 37   Filed 02/27/15   Page 6 of 6

Respectfully submitted,

PETITIONERS:

ERIC SCOTT BOYD

NAOMI NICOLE BOYD

ATTORNEY OF RECORD FOR
PETITIONERS:

ANDREW D. DOWNING
2025 N. Third Street
Suite 260
Phoenix, AZ   85004-1487
(602) 357-9160

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U. S. Department of Health and
Humans Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD   20857

ATTORNEY OF RECORD FOR
RESPONDENT:

JENNIFER L. REYNAUD
Trial Attorney
Torts Branch
Civil Division
U. S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-1586

Dated:   Feb. 2, 2015